# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NOS. 3:09cv352 & 3:10cv385 (consolidated)

| | |
|---|---|
| VENUS Y. SPRINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| MAYER BROWN, LLP and ) | |
| JONATHAN A. BARRETT, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Partial Motion to Dismiss Plaintiff's Complaint in Civil Action No. 3:10-CV-00385-MR-DSC [Doc. 30]. For the reasons that follow, the Defendants' motion will be granted.

## I. PROCEDURAL BACKGROUND

### A. Springs I

On May 29, 2009, the Plaintiff Venus Y. Springs filed a Complaint against the Defendants Mayer Brown, LLP ("Mayer Brown") and managing partner Jonathan A. Barrett ("Barrett") by filing a Complaint in the

Mecklenburg County General Court of Justice, Superior Court Division, asserting a claim for wrongful termination based on race in violation of 42 U.S.C. § 1981 and North Carolina public policy; a claim of racial harassment in violation of § 1981; a claim for unfair and deceptive trade practices, in violation of N.C. Gen. Stat. § 75-1.1, et seq. ("Chapter 75"); and a claim for negligent infliction of emotional distress in connection with the wrongful termination of her employment. [Civil Action No. 3:09cv352 ("Springs I"), Doc. 1-2]. The Defendants removed the action to this Court on the basis of a federal question on August 14, 2009. [Id., Doc. 1].

Thereafter, the Defendants moved to dismiss all four causes of action set forth in the Plaintiff's Complaint. [Doc. 6]. While that motion was pending, the Plaintiff filed an Amended Complaint [Doc. 18], thus rendering the Defendants' Motion to Dismiss moot. In filing her Amended Complaint, the Plaintiff did not reassert her claims under Chapter 75 or for negligent infliction of emotional distress as had been asserted in the original Complaint. The Defendants moved to dismiss the Plaintiff's Amended Complaint. [Doc. 19]. On June 9, 2010, the Court entered an Order granting in part and denying in part Defendants' Motion to Dismiss. Specifically, the Court dismissed Plaintiff's claim for racial harassment

under section 1981, finding that the Plaintiff's allegations of racial harassment failed to raise a plausible inference that the harassment suffered was racial in nature or that the claimed harassment was so severe or pervasive as to alter the conditions of her employment and to create an abusive atmosphere. [Doc. 23 at 15-16]. The Court also dismissed Defendant Barrett as a party, as Plaintiff had directed her racial discrimination claims against Defendant Mayer Brown only. [Id. at 12].

B. <u>Springs II</u>

On August 18, 2010, the Plaintiff filed a second Complaint in which she alleges that Mayer Brown harassed her and terminated her employment based on her race. [Civil Action No. 3:10cv385 ("<u>Springs II</u>"), Doc. 1]. In this Complaint, the Plaintiff asserts claims of wrongful termination and racial harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, <u>et seq.</u> ("Title VII").[1] The factual allegations asserted in this Complaint are virtually identical to the factual allegations asserted in <u>Springs I</u>. Additionally, while the Complaint names

---

[1] In this Complaint, the Plaintiff asserts that this second civil action was filed in order "to pursue the claims contained in Plaintiff[']s EEOC Charge No. 430-2009-00448" and that this action was intended "to supplement but not supplant the claims already contained in" <u>Springs I</u>. [Civil Action No. 3:10-cv385, Doc. 1].

Defendant Barrett as a party, the Plaintiff directs her Title VII claims against Defendant Mayer Brown only.

II.     **STANDARD OF REVIEW**

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so that the defendant may have "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A defendant may challenge the legal sufficiency of a complaint by way of a Rule 12(b)(6) motion. See Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In reviewing such a motion, the Court must assume the facts alleged in the complaint to be true. Eastern Shore Markets, Inc. v. J.D. Associates Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). While all well-pleaded factual allegations must be taken as true, the Court "need not accept the legal conclusions drawn from the facts," or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Id.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations and footnote omitted). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief," supported by well-pleaded facts, that permits the court "to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

## III. ANALYSIS

A racial harassment claim under Title VII is analyzed in the same manner as a racial harassment claim under section 1981. Alford v. Martin & Gass, Inc., 391 F. App'x 296, 302 (4th Cir. 2010); Spriggs v. Diamond Auto Glass, 242 F.3d 179, 184 (4th Cir. 2001). In the present case, the

Plaintiff's Title VII harassment claim relies on the same factual allegations as were asserted in support of her section 1981 harassment claim. The Court has analyzed and discussed these allegations at length in its previous Order and has concluded that these allegations are insufficient to sustain a claim for racial harassment under section 1981. This analysis applies equally to Plaintiff's claim for racial harassment under Title VII, and that claim is therefore dismissed.

With respect to Defendant Barrett, the Court concludes that this Defendant must be dismissed for two reasons. First, although the Plaintiff names Barrett as a party in the caption of the Complaint, the Plaintiff has directed her Title VII claims against Mayer Brown only. Second, even if the Complaint could be construed to assert claims against Defendant Barrett, it is well-established that there is no individual liability under Title VII. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). For these reasons, Defendant Barrett will be dismissed as a party to this action.

## IV. ORDER

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Partial Motion to Dismiss Plaintiff's Complaint in Civil Action No. 3:10-CV-00385-MR-DSC [Doc. 30] is **GRANTED**, and the Plaintiff's claim for racial harassment pursuant to Title VII of the Civil Rights Act of 1964 is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Defendant Jonathan A. Barrett is **DISMISSED** as a party to this action, as no claims have been asserted directly against him.

**IT IS SO ORDERED.**

Signed: January 26, 2011

Martin Reidinger
United States District Judge