# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:09cv352

| | |
|---|---|
| VENUS Y. SPRINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MAYER BROWN, LLP, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Partial Objections to the Magistrate Judge's Order Regarding Plantiff's Motion to Compel (#53).

On or about July 17, 2009, plaintiff served her First Set of Interrogatories upon defendant and demanded in Interrogatories 8, 9, 10, 11 and 14 that defendant provide the identify of all individuals who applied for a job, were interviewed for a job, were offered a job or requested a transfer to defendant's Charlotte office from 2005 to present, and the identity of all individuals employed in defendant's Charlotte office who served on an interview panel.

Defendant objected to these interrogatories because they are over broad and seek information which is not reasonably likely to lead to the discovery of admissible evidence. Defendant objected to plaintiff's hiring activity interrogatories contending that she sought information regarding employment decisions which were made by different decision makers and which were unrelated to the wrongful discharge claim she asserts here. Defendant argued that plaintiff was attempting to obtain a wide variety of information concerning a six year period that was beyond the scope of discovery.

In objecting to the resolution of such issues by Honorable David C. Cayer, United

States Magistrate Judge, by way of Order dated April 18, 2011 (*#52), which granted plaintiff's Motion to Compel as it relates to hiring activity interrogatories among other matters, defendant argues that the decision is clearly erroneous as to the hiring activity interrogatories.

Defendant argues that Judge Cayer's Order requiring them to produce information regarding the firm's Charlotte hiring practices over a six-year period is not probative of plaintiff's sole claim in this litigation, which is whether the firm, through Ms. Springs' supervising partner, unlawfully terminated her employment in May 2008 because of her race. It argues that the Order fails to articulate any basis to support plaintiff's contention that the hiring information she demands is reasonably calculated to lead to the discovery of admissible evidence.

Clearly, while statistical evidence as to hiring practices may not always be pertinent to establishing a *prima facie* case of termination of employment based on race, under the burden-shifting analysis plaintiff's obligation does not stop at the *prima facie* case. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). As defendant will certainly argue in its summary judgment motion, plaintiff also has the burden of presenting evidence that defendant's legitimate, non-discriminatory reason for terminating her employment is mere pretext for racial discrimination. Discovery concerning defendant's employment practices beginning four years prior to the filing of this lawsuit is wholly within the scope of permissible discovery under Rule 26, Federal Rules of Civil Procedure. In a highly persuasive opinion, the Court of Appeals for the Tenth Circuit held as follows:

> It is uniformly recognized that statistical data showing an employer's pattern of conduct toward a protected class can create an inference that an employer discriminated against individual members of the class." *Fallis v. Kerr-McGee Corp.*, 944 F.2d 743, 746 (10th Cir.1991). On the other hand, "[s]tatistics taken in isolation are generally not probative of ... discrimination,"

> *Jones v. Unisys Corp.*, 54 F.3d 624, 632 (10th Cir.1995), and statistical evidence on its own "will rarely suffice" to show pretext, *Ortiz v. Norton*, 254 F.3d 889, 897 (10th Cir.2001). At the very least, in order to create an inference of pretext, "a plaintiff's statistical evidence must focus on eliminating nondiscriminatory explanations for the disparate treatment by showing disparate treatment between comparable individuals." *Fallis*, 944 F.2d at 746.

Timmerman v. U.S. Bank, N.A., 483 F.3d 1106, 1114 -1115 (10th Cir. 2007). While "[s]tatistical evidence is less significant [in disparate treatment cases] . . . because the ultimate issue is whether a particular plaintiff was the victim of an illegally motivated employment decision," it is clear that "statistical evidence showing a pattern or policy of failure to hire or promote protected class members may be used to establish a prima facie case of individual disparate treatment discrimination." EDC ANAFED § 138:4, citing McDonnell Douglas Corp. v. Green, supra. Indeed, had Judge Cayer refused to compel such discovery, it is likely this case would have been subject to remand in the event of a favorable verdict for defendant, as is evident from a highly persuasive opinion from the Court of Appeals for the Second Circuit:

> It is well-settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation. Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive. This case turns on the sincerity of American Cyanamid's claim that Hollander's abrasive personality justified his discharge, notwithstanding what Hollander depicts as American Cyanamid's prior fickle attitude towards this dimension of Hollander's job performance and the inability of a company supervisor to detail instances in which such problems impeded productivity. It is possible that Hollander's discovery request might uncover a pattern of older management employees leaving American Cyanamid under unexplained circumstances, which might help prove his claim that American Cyanamid's explanation for his discharge was pretextual.
> Because employers rarely leave a paper trail-or "smoking gun"-attesting to a discriminatory intent, disparate treatment plaintiffs often must build their cases from pieces of circumstantial evidence which cumulatively undercut the credibility of the various explanations offered by the employer. Such

> determinations are, generally speaking, most competently and appropriately made by the trier of fact. So long as the plaintiff can present "solid circumstantial evidence" supporting his case, he should have the opportunity to prove his case at trial. The district court's refusal to compel an answer from American Cyanamid deprived Hollander of evidence potentially helpful to his attempt to assemble such a quantum of circumstantial evidence supporting his argument of pretext.

Hollander v. American Cyanamid Co., 895 F.2d 80, 84 -85 (2nd Cir. 1990) (citations omitted). Of course, the usefulness of statistical evidence "depends on the surrounding facts and circumstances," Carter v. Ball, 33 F.3d 450, 456 (4th Cir.1994), and "statistics alone are an insufficient means of demonstrating pretext." Van Slyke v. Northrop Grumman Corp. 115 F.Supp.2d 587, 597 (D.Md. 2000) (citation omitted).

The Western District of North Carolina has traditionally allowed broad discovery; while statistical evidence alone will not satisfy plaintiff's burden of showing pretext, such evidence appears to be relevant to plaintiff's disparate treatment, wrongful discharge claim and may well lead to the discovery of additional evidence. Further, due to the relatively small size of defendant's Charlotte office and the limited time in which plaintiff seeks such statistical data (four years before the filing of the lawsuit and up to the present), the court finds Judge Cayer's decision to be consistent with Rule 26(c)(iii) as the burden or expense of the proposed discovery does not outweigh its likely benefit.

As Section 28, United States Code, Section 636(b)(1)(A) makes clear, this court will only reconsider Judge Cayer's disposition of a non-dispositive motion where the objecting party has shown that the magistrate judge's Order is "clearly erroneous or contrary to law." This statutory provision is also reflected in Rule 72(a). While reasonable jurists could have reached different results, defendant has not shown that such decision is clearly erroneous or contrary to law.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Partial Objections to the Magistrate Judge's Order Regarding Plantiff's Motion to Compel (#53) is **OVERRULED**, and the Order of Judge Cayer is **REAFFIRMED**.

Signed: May 23, 2011

Max O. Cogburn Jr.
United States District Judge